**Jose Ruben MORENO, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 00–70378.**
**INS No. A29–679–165.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 9, 2001.*

Decided April 18, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before CANBY, KOZINSKI, and RYMER, Circuit Judges.

MEMORANDUM **

Jose Ruben Moreno, native and citizen of El Salvador, petitions for review of a final decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of an immigration judge's denial of his applications ("IJ") for asylum and withholding of deportation. Pursuant to the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), the transitional rules apply, *see Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997), and we therefore have jurisdiction under 8 U.S.C. § 1105a(a), *see Avetova–Elisseva v. INS,* 213 F.3d 1192, 1195 n. 4 (9th Cir.2000). We deny the petition for review.

Where the BIA, as in this case, reviews the IJ's decision de novo, we are limited to reviewing the decision of the BIA. *Acewicz v. INS,* 984 F.2d 1056, 1059 (9th Cir.1993). We review for substantial evidence the factual findings underlying the BIA's denial of petitioner's asylum claim, and will uphold them unless the evidence compels a contrary result. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

■ Because petitioner failed to demonstrate that he suffered past persecution on account of his political opinion, *see Arria-*

ga–Barrientos v. INS, 937 F.2d 411, 413 (9th Cir.1991), and failed to demonstrate a well-founded fear of future persecution on account of his political opinion, *see Elias–Zacarias,* 502 U.S. 478, 482–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), substantial evidence supported the BIA's conclusion that petitioner was not eligible for asylum.

■ Because petitioner did not meet the standard for asylum, he could not satisfy the more stringent standard for withholding of deportation. *See Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995).

We do not consider petitioner's eligibility, if any, for relief under the Nicaraguan Adjustment and Central American Relief Act, Pub. L. No. 105–100, 111 Stat. 2160 (Nov. 19, 1997).

PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as may be provided by 9th Cir. R. 36–3.